1   WRIGHT, FINLAY & ZAK, LLP
    Dana Jonathon Nitz, Esq. (SBN 0050)
2   Paterno C. Jurani, Esq. (SBN 8136)
    5532 South Fort Apache Road, Suite 110
3   Las Vegas, Nevada 89148
4   Tel:  (702) 475-7964  Fax: (702) 946-1345
    dnitz@wrightlegal.net; pjurani@wrightlegal.net
5   *Attorneys for Plaintiffs Nationstar Mortgage, LLC*
    *and Federal Home Loan Mortgage Corporation*
6
7   Leslie Bryan Hart, Esq. (SBN 4932)
    John D. Tennert, Esq. (SBN 11728)
8   FENNEMORE CRAIG, P.C.
    300 E. Second St., Suite 1510
9   Reno, Nevada 89501
    Tel: 775-788-2228   Fax: 775-788-2229
10  lhart@fclaw.com; jtennert@fclaw.com
11  (Admitted *Pro Hac Vice*)
    Asim Varma, Esq.
12  Howard N. Cayne, Esq.
    Michael A.F. Johnson, Esq.
13  ARNOLD & PORTER LLP
    555 12th Street NW
14  Washington, DC 20004
    Tel: (202) 942-5000   Fax: (202) 942-5999
15  Asim.Varma@aporter.com; hcayne@aporter.com; Michael.Johnson@aporter.com;
    *Attorneys for Plaintiff Federal Housing Finance Agency*
16
                    **UNITED STATES DISTRICT COURT**
                         **DISTRICT OF NEVADA**
17

18  NATIONSTAR MORTGAGE, LLC, a            CASE NO. 2:15-cv-00064-JAD-PAL
    Delaware limited liability company;
19  FEDERAL HOME LOAN MORTGAGE
    CORPORATION, a government-sponsored    **JOINT MOTION TO STAY DISCOVERY**
20  entity; FEDERAL HOUSING FINANCE
    AGENCY, as Conservator of Freddie Mac, **(First Request)**
21
                    Plaintiffs,
22  vs.
23  ELDORADO NEIGHBORHOOD SECOND
    HOMEOWNERS ASSOCIATION, a Nevada
24  non-profit corporation; SATICOY BAY LLC
    SERIES 1838 FIGHTING FALCON, a
25  Nevada limited liability company; SEAN
    ROBERTS, an individual; SHAWNA
26  ROBERTS, an individual;
27
28

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10211651

1    DOE INDIVIDUALS I-XX, inclusive; and
2    ROE CORPORATIONS I-XX, inclusive,

3                             Defendants.

4         Plaintiffs Federal Home Loan Mortgage Corporation ("Freddie Mac"), Federal Housing

5    Finance Agency ("FHFA" or the "Conservator"), and Nationstar Mortgage LLC ("Nationstar"),

6    and Defendants Saticoy Bay LLC Series 1838 Fighting Falcon ("Saticoy Bay") and Eldorado

7    Neighborhood Second Homeowners Association ("Eldorado," and collectively, the "Parties"), by

8    and through their undersigned counsel, hereby submit this Joint Motion to Stay Discovery

9    pursuant to Fed. R. Civ. P. 26 and based on the enclosed Memorandum of Points and

10   Authorities.

11

12                    **MEMORANDUM OF POINTS AND AUTHORITIES**

13                                **I. INTRODUCTION**

14        The Parties have engaged in discussions and agree that discovery in this matter should be

15   stayed pending resolution of Saticoy Bay's Motion to Dismiss.  The Parties agree that a stay of

16   discovery is warranted because the Motion to Dismiss raises dispositive legal issues that could

17   resolve Plaintiffs' claims, and the resolution of these issues will clarify what, if any, discovery is

18   required in this case.  Accordingly, the Parties respectfully request that the Court exercise its

19   inherent authority to stay discovery pending resolution of the Motion to Dismiss.

20

21                                **II. BACKGROUND**

22        On January 12, 2015, Plaintiffs filed the Complaint seeking, among other things, a

23   declaration and determination that the homeowners' association ("HOA") foreclosure sale

24   conducted by Eldorado did not convey the property commonly described as 1838 Fighting

25   Falcon Lane, North Las Vegas, NV 89031 (the "Property") to Saticoy Bay free and clear of

26   Freddie Mac's preexisting interest in the property.  *See* Dkt. No. 1.  Plaintiffs contend that,

27   pursuant to the Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110-289,

28

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10211651

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

122 Stat. 2654, *codified at* 12 U.S.C. § 4511 *et seq.*, and specifically 12 U.S.C. 4617(j)(3), the HOA foreclosure sale did not extinguish Freddie Mac's interest in the Property, and, thus Freddie Mac retains an interest in the Property superior to any interest of Saticoy Bay.  *See id.*

On February 12, 2015, Saticoy Bay filed a Motion to Dismiss Plaintiffs' Complaint.  *See* Dkt. No. 16.  Saticoy Bay contends that Plaintiffs' claims must be dismissed because (1) the foreclosure deed is conclusive as to Saticoy Bay's claim to title, (2) the property protection provided by HERA does not apply to the facts alleged in this case, and (3) Plaintiffs cannot seek injunctive relief.  *See id.*  Eldorado filed an answer to Plaintiffs' Complaint.  *See* Dkt. No. 17.

Plaintiffs filed their opposition to the Motion to Dismiss on March 16, 2015.  *See* Dkt. No. 22.  Plaintiffs argue in their opposition brief that the Motion to Dismiss fails as a matter of law, not that discovery is necessary for the Court to weigh Saticoy Bay's arguments.  Having agreed that the pending Motion to Dismiss may be resolved without discovery, and that the resolution of the Motion to Dismiss will determine the next steps in this case, the Parties jointly move the Court to stay discovery until Saticoy Bay's Motion to Dismiss is decided.

In five other related cases pending in this District, courts—including this one—have granted the parties' joint motions to stay discovery pending resolution of dispositive motions that are similarly based on questions of law.  *See* Order, *Fed. Nat'l Mortg. Ass'n v. SFR Investments Pool 1, LLC*, No. 2:14-cv-2046-JAD-PAL (Dkt. # 46) (Mar. 12, 2015); Order, *Williston Investment Grp. v. JPMorgan Chase Bank, N.A.*, No. 2:14-cv-02038-GMN-PAL (Dkt. # 50) (Mar. 5, 2015); Order, *Premier One Holdings, Inc. v. Fed. Nat'l Mortg. Ass'n*, No. 2:14-cv-2128-GMN-NJK (Dkt. # 35) (Feb. 27, 2015); Order, *Saticoy Bay, LLC Series 1702 Empire Mine v. Fed. Nat'l Mortg. Ass'n*, No. 2:14-cv-01975-GMN-NJK (Dkt. # 66) (Feb. 20, 2015); Order, *Elmer v. Fed. Home Loan Mortg. Corp.*, No. 2:14-cv-01999-GMN-NJK (Dkt. # 60) (Feb. 20, 2015).

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10211651

3

**III. LEGAL ARGUMENT**

**A.      Standard of Review Governing Motion to Stay Discovery**

District courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("The district court has wide discretion in controlling discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion.").

In this district, courts "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1, [which is an evaluation of] whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to stay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay*, 278 F.R.D. at 603.  Indeed, courts may limit discovery "upon showing of good cause or where 'justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* at 601 (quoting *Wagh v. Metris Direct, Inc.*, 363 F.3d 821,829 (9th Cir. 2003)).  Further, a stay of discovery may be appropriate to "further[] the goal of efficiency for the court and the litigants." *Id.*

In deciding whether to stay discovery, this Court "considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *BAC Home Loan Servicing, LP v. Advanced Funding Strategies, Inc.*, No. 2:13-CV-00722-JAD-PAL, 2013 WL 6844766, at *4 (D. Nev. Dec. 27, 2013).  Relevant to a motion to stay is whether the motion might "cause unwarranted delay, especially if a pending dispositive motion challenges fewer than all of [p]laintiff's claims." *Id.*  Thus, where a pending dispositive motion "raises no factual issues and will be decided purely on issues of law," this Court has approved stays of

10211651

4

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

1    discovery. *U.S. ex rel. Howard v. Shoshone Paiute Tribes*, No. 2:10-CV-01890-GMN-PAL,

2    2012 WL 2327676, at \*7 (D. Nev. June 19, 2012); *see Tradebay,* 728 F.R.D. at 608; *Pettit v.*

3    *Pulte Mortgage, LLC*, No. 2:11-CV-00149-GMN-PAL, 2011 WL 5546422, at \*6 (D. Nev. Nov.

4    14, 2011).

5
6    **B.      The Parties Agree That a Stay Is Appropriate Because the Pending Motions May
         Resolve Plaintiffs' Claims and Can Be Decided Without Discovery**

7            Under the above standard, a stay of discovery is appropriate in this case.  The Parties

8    agree that Saticoy Bay's pending Motion to Dismiss, if granted, will dispose of Plaintiffs' claims

9
10   in this case.  Here, Plaintiffs seek quiet title and a declaration that the sale conducted by

11   Eldorado did not extinguish Freddie Mac's interest or convey free and clear title in the Property

12   to Saticoy Bay.  Plaintiffs argue that pursuant to 12 U.S.C. § 4617(j)(3), Freddie Mac's property

13   interest cannot be extinguished without the consent of FHFA so long as Freddie Mac is in

14   conservatorship.  Saticoy Bay, on the other hand, argues in its Motion to Dismiss that, as a

15   matter of law, it acquired title to the property free and clear of Freddie Mac's interest.  Plaintiffs

16   do not argue that the Court must decide issues of fact in order to resolve the Motion to Dismiss.

17
18           Accordingly, the Motion to Dismiss "will be decided purely on issues of law," *Tradebay*,

19   278 F.R.D. at 608; Plaintiffs' claims must be dismissed if the Court finds that Saticoy Bay's

20   legal arguments preclude Plaintiffs' claims.  The Motion thus presents pure questions of law and

21   requires only the Court's interpretation of Section 4617(j)(3) and the other federal and state laws

22   raised in the briefing on the Motion to Dismiss.

23           The Parties agree that, in this case, the "preliminary peek" sometimes conducted by this

24   Court in resolving a motion to stay need not be a searching evaluation of the merits.  As this

25   Court has recognized, a "preliminary peek ... is not intended to prejudge the outcome," but

26   rather, "to evaluate the propriety of an order staying or limiting discovery with the goal of

27
28   accomplishing the objectives of Rule 1." *BAC Home Loan Servicing*, 2013 WL 6844766, at \*4.

10211651

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

1       As in *Howard*, *Tradebay*, and *Petit*, where this Court granted stays of discovery, the

2   Motion to Dismiss presents dispositive legal questions that could resolve Plaintiffs' claims

3   without the need for discovery.  *See Howard*, 2012 WL 2327676, at *7; *Tradebay*, 728 F.R.D. at

4   608; *Pettit*, 2011 WL 5546422, at *6.  Thus, the Parties agree that the Court need only confirm

5   that the Motion to Dismiss presents legal questions potentially dispositive of Plaintiffs' claims to

6   determine that it would be "more just to delay or limit discovery … to accomplish the

7   inexpensive determination of the case."  *BAC Home Loan Servicing*, 2013 WL 6844766, at *4.

8

9       Indeed, a stay is even more justified here; in *Howard*, *Tradebay*, and *Petitt* the motion to

10  stay was opposed.  Here, all Parties that have appeared in this action agree to a stay of discovery

11  and that such a stay would "secure the just, speedy, and inexpensive determination" of this

12  action.  Fed. R. Civ. P. 1.

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10211651

# IV. CONCLUSION

Based on the foregoing, the Parties respectfully request that the Court stay discovery pending resolution of Saticoy Bay's Motion to Dismiss.

DATED this 27th day of March, 2015.

| **WRIGHT, FINLAY & ZAK, LLP** | **FENNEMORE CRAIG, P.C.** |
|---|---|
| By: ___/s/ Dana Jonathon Nitz___<br>Dana Jonathon Nitz, Esq.<br>Paterno C. Jurani, Esq. (SBN 8136)<br>5532 South Fort Apache Rd., Suite 110<br>Las Vegas, NV  89148<br>Tel:  702-475-7964  Fax 702-946-1345<br><br>*Attorneys for Plaintiffs Nationstar Mortgage, LLC and Federal Home Loan Mortgage Corporation* | By: ___/s/   Leslie Bryan Hart___<br>Leslie Bryan Hart, Esq. (SBN 4932)<br>John D. Tennert, Esq. (SBN 11728)<br>300 E. Second St., Suite 1510<br>Reno, Nevada 89501<br>Tel: 775-788-2228   Fax: 775-788-2229<br>lhart@fclaw.com;  jtennert@fclaw.com<br><br>and<br>ARNOLD & PORTER LLP<br><br>(Admitted *Pro Hac Vice*)<br>Asim Varma, Esq.<br>Howard N. Cayne, Esq.<br>Michael A.F. Johnson, Esq.<br>555 12th Street NW<br>Washington, DC 20004<br>Tel: (202)942-5000Fax:(202) 942-5999<br>Asim.Varma@aporter.com;<br>hcayne@aporter.com;<br>Michael.Johnson@aporter.com;<br>*Attorneys for Plaintiff Federal Housing Financing Agency* |

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that the parties shall have fourteen (14) days from the decision on the pending motion to dismiss to submit a proposed discovery plan and scheduling order to bring the case to resolution as to any claim that survives the pending motion to dismiss.

**IT IS FURTHER OREDERED** that further requests of this nature will be denied in the future for the parties failure to comply with LR 6-2 governing the required form of order for stipulations, *ex parte*, or unopposed motions.

Dated this 9th day of April, 2015.

Peggy A. Leen
United States Magistrate Judge

10211651

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on the 27th day of March, 2015, a true and correct copy of the **JOINT MOTION TO STAY DISCOVERY** was transmitted electronically through the Court's e-filing electronic notice system to the attorney(s) associated with this case.  If electronic notice is not indicated through the court's e-filing system, then a true and correct <u>paper</u> copy of the foregoing document was delivered via U.S. Mail.

Michael F. Bohn     mbohn@bohnlawfirm.com

Ryan D Hastings rhastings@leachjohnson.com

Sean L. Anderson sanderson@leachjohnson.com

                                     /s/   Pamela Carmon
                                Pamela Carmon

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

10211651