UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Nationstar Mortgage, LLC, a Delaware limited liability company; Federal Home Loan Mortgage Corporation, a government-sponsored entity; Federal Housing Finance Agency, as Conservator of Freddie Mac,<br><br>Plaintiffs<br><br>v.<br><br>Eldorado Neighborhood Second Homeowners Association, a Nevada non-profit corporation; Saticoy Bay LLC Series 1838 Fighting Falcon, a Nevada limited liability company; Sean Roberts, an individual; Shawna Roberts, an individual, Does I-XX; and Roe Corporations I-XX,<br><br>Defendants | 2:15-cv-0064-JAD-PAL<br><br><br>**Order Granting<br>Motion to Dismiss<br>with Leave to Amend**<br><br>[ECF 16] |

Last year in *SFR Investments Pool 1, LLC v. U.S. Bank*,[1] the Nevada Supreme Court held that homeowners associations' nonjudicial foreclosures on superpriority liens conducted under NRS 116.3116 extinguish lenders' first trust deeds. The decision made winners out of the investors who purchased the foreclosure properties and losers of the lenders whose interests were wiped out. Lenders promptly developed new arguments in hopes of reclaiming their lost assets.[2] This is one of more than a dozen cases in this district in which Fannie Mae and Freddie Mac seek to avoid the costly impact of the *SFR* decision on their portfolios of mortgages on foreclosure properties by invoking 12 U.S.C. § 4617(j)(3), which precludes foreclosure on these government-sponsored enterprises' assets while they remain under the conservatorship of the Federal Housing Finance Agency (FHFA).

Defendant Saticoy Bay LLC—who bought at foreclosure the North Las Vegas home on

---

[1] *SFR Inv. Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).

[2] *See Freedom Mortgage Corp. v. Las Vegas Dev. Group, LLC*, __ F. Supp.3d __, 2015 WL 2398402 (D. Nev. May 19, 2015).

which this case is based—moves to dismiss the quiet-title, declaratory-relief, and preliminary-injunction[3] claims brought against it by plaintiffs Freddie Mac, the FHFA, and Nationstar Mortgage. Saticoy Bay argues that § 4617's foreclosure bar does not apply to this foreclosure sale because it only exempts the FHFA from government tax liens, not HOA foreclosures. Saticoy Bay further contends that, even if § 4617 could preempt HOA foreclosures from extinguishing FHFA/ Freddie Mac deeds of trust, the FHFA and Freddie Mac have not alleged that *they* were the beneficiaries of the first deed of trust on this property—they allege the deed of trust was assigned to *Nationstar*, who is not protected by the federal statute.[4]

I find that § 4617(j)(3) preempts NRS 116.3116 as interpreted by *SFR* to the extent the HOA's foreclosure would have otherwise extinguished a Freddie Mac first-trust-deed interest, so plaintiffs have pled a plausible legal theory. But they have not pled the facts to state a claim under that legal theory because they have not alleged that Freddie Mac or the FHFA was the beneficiary of the deed of trust on this property. I thus grant the motion to dismiss in part: all of plaintiffs' claims against Saticoy Bay are dismissed with leave to amend.

## Background[5]

Sean and Shawna Roberts bought the home located at 1838 Fighting Falcon Lane in the Eldorado Neighborhood of North Las Vegas in 2002.[6] They obtained a $295,200 loan from

---

[3] A preliminary injunction is a remedy, not a substantive cause of action. *See, e.g., Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 9 (2008) (noting that "A preliminary injunction is an extraordinary remedy" awardable only upon proof of likelihood of success on the merits of a substantive claim).

[4] ECF 16.

[5] These facts come from the complaint and are not intended as findings of fact. For this motion to dismiss, I accept all well-pleaded facts in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiffs. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). I also consider the documents attached to the complaint without converting this motion to dismiss into one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.").

[6] ECF 1 at 4, 16–19 (exhibit 1 to complaint).

Countrywide Home Loans, Inc. in April 2007, and Countrywide assigned the deed of trust securing its note to Mortgage Electronic Registration Systems, Inc. (MERS).[7] Plaintiffs allege that Freddie Mac purchased that loan from Countrywide in May 2007, but the deed of trust went a different direction: it was assigned to BAC Home Loans Servicing, LP in May 2011[8] and from there to Nationstar in 2012.[9] Plaintiffs allege that after Freddie Mac purchased the mortgage, "Nationstar was the servicer for Freddie Mac" on this loan.[10] They further allege that the FHFA "succeeded by law to all of Freddie Mac's 'rights, titles, powers, and privileges'" when it became Freddie Mac's conservator in September 2008, so Freddie Mac's interests with respect to this property are now property of the FHFA.[11]

On July 11, 2014, the Eldorado Neighborhood Second Homeowners Association (the HOA) conducted a nonjudicial foreclosure sale on its outstanding lien against the property without specifying what portion of the $4,300.02 it claimed qualifies as a "superpriority lien" under NRS 116.3116.[12] Under the *SFR* decision, if the foreclosure was on a true superpriority lien, it extinguished the first trust deed.[13] But Freddie Mac—with its conservator the FHFA[14]—challenges that foreclosure as a violation of 12 U.S.C. § 4617(j)(3), which states that "[n]o property of [the FHFA] shall be subject to . . . foreclosure, or sale without" its consent.[15] The FHFA alleges that it did not consent to the HOA's sale extinguishing or foreclosing Freddie Mac's first-position interest

---

[7] ECF 1 at 5, 22 (exhibit 2 to complaint).

[8] ECF 1 at 5, 47 (exhibit 3 to complaint).

[9] ECF 1 at 5, 50 (exhibit 4 to complaint).

[10] ECF 1 at 5, ¶ 21.

[11] ECF 1 at 7, ¶¶ 44–47.

[12] ECF 1 at 3, ¶ 5; 6, ¶¶ 30–34.

[13] ECF 1 at ¶ 31; *SFR*, 334 P.3d at 419 ("NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust.").

[14] ECF 1 at 2–3, ¶¶ 4–5.

[15] ECF 1 at 7–8.

in the property.[16] Freddie Mac, the FHFA, and Nationstar sue Saticoy Bay for quiet title and a declaration that Freddie Mac's first-position deed of trust "still encumbers the Property" and was not extinguished by the HOA's foreclosure sale of its lien against the property.[17] Saticoy Bay now moves to dismiss all claims against it.[18]

### Discussion

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint.[19] A complaint should be dismissed under this rule only when it lacks "a cognizable legal theory or sufficient facts to support a cognizable legal theory."[20] Saticoy Bay argues that plaintiffs' claims must be dismissed under Rule 12(b)(6) because plaintiffs' invocation of § 4617(j)(3)'s foreclosure bar is legally unsound.[21] Saticoy Bay also suggests that the plaintiffs' claims against it are factually implausible because the deed of trust extinguished by this foreclosure sale belonged to Nationstar, not to an entity whose interests § 4617 protects.

**A.   Saticoy Bay has not shown that the plaintiffs' legal theory is legally unsound.**

Saticoy Bay offers two arguments to challenge plaintiffs' legal theory.[22] It contends that § 4617(j)(3) protects FHFA property from liens by state and local taxing authorities, not from the

---

[16] ECF 1 at 7, ¶ 40.

[17] *Id.*

[18] ECF 16.

[19] *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

[20] *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

[21] ECF 16 at 3.

[22] Saticoy Bay added a lengthy bona-fide-purchaser argument in its reply brief. I exercise my discretion to not consider this new argument because it was raised too late to give plaintiffs a fair opportunity to respond to it. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (district court has discretion to ignore new arguments raised in reply brief). Because I am disregarding the reply argument, I also disregard the plaintiffs' response offered three months later in a supplemental notice. *See* ECF 34.

nonjudicial foreclosure of an HOA's superpriority lien.[23] It also claims that the recitals in its foreclosure deed that "All requirements of law . . . have been complied with" is "conclusive proof" that they were.[24] Neither argument prevails.

### 1. Section 4617(j)(3) preempts NRS 116.3116 as clarified by *SFR* to the extent it would otherwise extinguish Freddie Mac's first-trust-deed interest through the HOA's foreclosure of a superpriority lien.

No party denies the impact of the Nevada Supreme Court's *SFR* decision. In it, the Nevada Supreme Court answered affirmatively the two-part question, Is an HOA's superpriority lien under NRS 116.3316 "a true priority lien such that its foreclosure extinguishes a first deed of trust on property and, if so, [can] it be foreclosed nonjudicially."[25] Saticoy Bay argues that *SFR* dictates the effect of the Eldorado HOA's 2014 foreclosure sale of this property to it: the foreclosure wiped out any first-trust-deed interest, leaving Saticoy Bay with free-and-clear title.[26] Plaintiffs respond that, under the Supremacy Clause, the federal foreclosure bar in § 4617 preempts Nevada law from extinguishing a first-trust-deed interest held by the FHFA as conservator of Fannie Mae or Freddie Mac without the FHFA's consent.[27] Saticoy Bay argues that § 4617 has a narrow application: it merely exempts the FHFA from claims or liens by a taxing authority, it does not bar an HOA foreclosure sale.

The it's-just-a-tax-exemption argument that Saticoy Bay now asserts was rejected by this district's Chief Judge Gloria Navarro in *Skylights, LLC v. Byron*[28] when concluding that § 4617(j)(3) preempts NRS 116.3116 as clarified by *SFR* to the extent it would otherwise extinguish Fannie Mae's first-trust-deed interest through the HOA's foreclosure of a superpriority lien. In that case, Skylights—the investor who purchased a condominium at the HOA's nonjudicial foreclosure

---

[23] ECF 16 at 10–11.

[24] ECF 16 at 6–7.

[25] *SFR*, 334 P.3d at 409.

[26] ECF 16 at 5.

[27] ECF 22.

[28] *Skylights, LLC v. Byron*, __ F. Supp. 3d __, 2015 WL 3887061 (D. Nev., June 24, 2015).

sale—sued the other parties it believed may claim an interest in the property (including Fannie Mae), seeking a declaration that it took title free and clear of any other interest.[29] The FHFA intervened and, together, Fannie Mae and the FHFA moved for summary judgment, arguing that "Skylights could not have extinguished Fannie Mae's" first-trust-deed interest when it purchased the property at the HOA's foreclosure sale because § 4617(j)(3) "barred the HOA from foreclosing on the Property without the consent of the conservator, FHFA."[30]

In opposing the motion, Skylights similarly argued "that section 4617(j) protects FHFA property only from taxation and liens by state and local tax authorities and does not protect that property from foreclosures by a private entity like the HOA."[31] Chief Judge Navarro carefully considered and rejected this argument to ultimately conclude that § 4617(j)(3)'s federal foreclosure bar prevents Nevada's superpriority lien statute from extinguishing the interest of Fannie Mae or Freddie Mac without the FHFA's consent:

> 12 U.S.C. § 4617(j)(3) preempts Nevada Revised Statutes § 116.3116 to the extent that a homeowner association's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae or Freddie Mac while those entities are under FHFA's conservatorship. Accordingly, the HOA's foreclosure sale of its super-priority interest on the Property did not extinguish Fannie Mae's interest in the Property secured by the Deed of Trust or convey the Property free and [clear] to Skylights.[32]

I adopt Chief Judge Navarro's conclusion and the analysis she articulated in her *Skylights* order and reject Saticoy Bay's same dismissal arguments here. And I conclude that the plaintiffs have pled a plausible legal theory for their claims that survives 12(b)(6) dismissal.

> **2.  *The deed recital that the foreclosure sale complied with all laws does not insulate the sale from § 4617(j)(3).***

I also conclude that Saticoy Bay cannot use the fact that the HOA recited in its foreclosure-

---

[29] *Skylights*, 2015 WL 3887061, *3.

[30] *Id*. at *4.

[31] *Id*. at *8.

[32] *Id*. at *12.

sale deed that it complied with all laws to insulate itself from the effects of § 4617(j)(3). To argue that this recital is "conclusive proof" that the foreclosure sale violated no law, Saticoy Bay relies primarily on NRS 116.31166,[33] which lists certain recitals in an HOA foreclosure deed that "are conclusive proof of the matters recited."

Even assuming that state law could have this effect on a federal statute or federal interest, NRS 116.31166 only declares certain deed recitals conclusive proof (e.g., that default occurred, that notice was mailed and recorded, and that 90 days have elapsed), and the recital that "all requirements of law" were satisfied is not among them.[34] Thus, Saticoy Bay's argument that "Under Nevada law, the recitals in the deed are sufficient and conclusive proof of the matters set forth in the deed" does nothing to advance Saticoy Bay's position in this case. The recital in the deed that this foreclosure sale complied with all laws does not save this sale from the preemptive effect of § 4617(j)(3).

### B.  Plaintiffs' claims against Saticoy Bay are dismissed with leave to amend because plaintiffs have not pled the facts to support a plausible § 4617(j)(3)-based claim.

Although I adopt Chief Judge Navarro's *Skylights* analysis to conclude that, *if* Freddie Mac held a secured interest in the property, the HOA's foreclosure of its superpriority loan could not have extinguished it, the *if* puts the plausibility of plaintiffs' claims in question. Freddie Mac alleges that it bought the mortgage on the property in 2007,[35] but it also alleges that the deed of trust was separated from the note and assigned to MERS, then to BAC Home Loans, and ultimately to Nationstar.[36] Separation of the note from the deed of trust does not necessarily render the note unsecured. As the Nevada Supreme Court explained two months ago in *In re Montierth*, "if an

---

[33] Saticoy Bay offers a string of extrajurisdictional cases to further argue that "there is a common law presumption that a foreclosure sale was conducted validly." ECF 16 at 5. Even if I were to conclude that there is such a presumption in Nevada, it would be a disputable one at best. *See* Nev. Rev. Stat. § 47.250(16) (listing the presumption "That the law has been obeyed" as a disputable one). Because there is a set of facts that plaintiffs could plead to rebut that disputable presumption, it would not provide a basis for Rule 12(b)(6) dismissal.

[34] *See* ECF 16 at 6 (quoting Nev. Rev. Stat. § 116.31166).

[35] ECF 1 at 5, ¶ 20.

[36] ECF 1 at 5, ¶¶ 19, 22–23.

agency relationship exists between" the lender and the beneficiary of the deed of trust "such that the note holder, as principal, can require its agent . . . to assign the mortgage to it, then the note remains secured."[37] But whether this requisite relationship exists between Freddie Mac and Nationstar is not evident from the complaint. Plaintiffs allege that "Nationstar was the servicer for Freddie Mac" on the mortgage,[38] but the details and net effect of that relationship are not described.

Any assumption that I might reach about Freddie Mac's ability to require Nationwide to assign the rights under the deed of trust to Freddie Mac are called into further question by the exhibits attached to the complaint. Although plaintiffs allege that Freddie Mac purchased this loan from original lender Countrywide on May 25, 2007,[39] no document reflecting that purchase is attached to the complaint. They also repeatedly reference "Freddie Mac's first Deed of Trust on the Property"[40] but allege no fact that suggests the deed of trust was ever assigned to Freddie Mac. Plaintiffs do attach the assignment of the original deed of trust to BAC Home Loans Servicing on May 16, 2011.[41] That document recites that it transfers "all beneficial interest under that certain Deed of Trust . . . together with the note(s) and obligations therein described . . . ."[42] The 2012 assignment of that same deed of trust from BAC to Nationstar similarly purports to transfer "All beneficial interest" under the deed of trust "Together with the Note or Notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to

---

[37] *In re Montierth*, 354 P.3d 648, 650–51 (Nev. July 30, 2015).

[38] ECF 1 at ¶ 21.

[39] ECF 1 at 5, ¶ 20.

[40] *See*, e.g., ECF 1 at ¶¶ 40, 43, 50, 54, 56, 59, 60, 62, 63, 66, 72, and prayer ¶ 4. The court suspects that, with the numerous cookie-cutter complaints that the FHFA, Fannie Mae, and Freddie Mac have filed in this district in the last several months, the deed-of-trust references are vestigial remnants from a different case that were not edited out when the allegations specific to this case were plugged into the form complaint.

[41] ECF 1 at 47.

[42] *Id.*

accrue under said Deed of Trust."[43] These recitals suggest that even if Freddie Mac did purchase the note in 2007, it belonged to Nationstar by the time of the HOA's 2014 foreclosure sale.

The net effect of these allegations and exhibits is that plaintiffs have not pled a plausible claim for relief because they have not alleged facts to show that Freddie Mac held a secured interest in the property that was transferred to the FHFA and thus saved from the harsh effects of NRS 116.3116 and the *SFR* decision by 12 U.S.C. § 4617(j)(3). Instead, it looks like that interest may have belonged to Nationstar alone. The plaintiffs' claims will therefore be dismissed because plaintiffs have not pled the facts necessary to make out a plausible claim on their § 4617(j)(3) theory.[44]

The question then becomes whether plaintiffs should be given leave to amend to attempt to plead true facts and state a viable claim under their legal theory. The court has discretion to grant leave and should freely do so "when justice so requires."[45] "In exercising its discretion[,] . . . a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. . . . Thus, Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality."[46] The Ninth Circuit "has long held that leave to amend should be granted 'even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'"[47]

I find that plaintiffs should have another opportunity, with the guidance in this order, to attempt to plead the facts necessary to support their § 4617(j)(3) theory. I do not find that the

---

[43] ECF 1 at 50.

[44] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (extending Twombly's fact-pleading requirement to "all civil actions and proceedings in the United States district courts").

[45] Fed. R. Civ. P. 15(a)(2); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

[46] *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (quotations removed).

[47] *Mason-Ealy v. City of Pomona*, 557 F. App'x 675, 677 (9th Cir. 2014) (quoting *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 926 (9th Cir. 2012)).

plaintiffs have unduly delayed the proceedings with their original allegations, that amendment would cause undue prejudice to any opposing party, or that amendment would be futile.[48]  This case remains in its initial stages, and discovery has been stayed while the parties await my decision on this motion to dismiss.[49]  Accordingly, plaintiffs have ten days to file an amended complaint that cures the deficiencies identified in this order.[50]  If they do not file a timely amended complaint, this case will proceed on plaintiffs' fourth cause of action, which purports to state a claim for deficiency judgment/breach of contract against the HOA and the Robertses only.

### Conclusion

IT IS THEREFORE ORDERED that Saticoy Bay's Motion to Dismiss **[ECF 16] is GRANTED IN PART AND DENIED IN PART: all of plaintiffs' claims against Saticoy Bay are dismissed with leave to amend because plaintiffs have not pled the facts to support any claim. The motion is denied in all other respects.**

IT IS FURTHER ORDERED that **plaintiffs have ten days to file an amended complaint**.

Dated this 28th day of September, 2015

_____
Jennifer A. Dorsey
United States District Judge

---

[48] *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (citing factors for district court to consider).

[49] ECF 26 (stay order).

[50] Plaintiffs are reminded that "preliminary injunction" is not a claim for relief, *see supra* note 3, and it should not be pled as an independent cause of action in any amended complaint.