# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Nationstar Mortgage, LLC, et al., | Case No.: 2:15-cv-00064-JAD-BNW |
| Plaintiffs | |
| v. | |
| Eldorado Neighborhood Second Homeowners Association, a Nevada non-profit corporation, et al, | **Order Granting Summary Judgment in Favor of Plaintiffs Based on Federal Foreclosure Bar** |
| Defendants | [ECF Nos. 70, 83, 84] |
| ALL OTHER CLAIMS AND PARTIES | |

Nevada law holds that a properly conducted nonjudicial foreclosure sale by a homeowners' association to enforce a superpriority lien extinguishes the first deed of trust. But when that deed of trust belongs to government-sponsored lender Freddie Mac, and the foreclosure sale occurs while Freddie Mac is under the conservatorship of the Federal Housing Finance Agency (FHFA) and without that agency's consent, federal law shields that security interest from extinguishment. That shield is known as the Federal Foreclosure Bar.

The FHFA, Freddie Mac, and its loan servicer Nationstar Mortgage, LLC bring this quiet-title action to determine the effect of a 2014 nonjudicial foreclosure sale on the deed of trust securing the mortgage on a home. Because plaintiffs have shown that the Federal Foreclosure Bar prevented that sale from extinguishing the deed of trust, I grant summary judgment in their favor and close this case.

**Background**

The Federal Home Loan Mortgage Corporation, better known as Freddie Mac, which has

been under the conservatorship of the FHFA since 2008,[1] purchased the mortgage on the home

located at 1838 Fighting Falcon Lane in North Las Vegas, Nevada, in 2007, along with the deed

of trust that secures it.[2]  The deed of trust has been assigned several times to various nominees

acting as Freddie Mac's loan-servicing agents.  Nationstar currently services the loan and has

since March 2012.[3]  The home is located in the Eldorado common-interest community and

subject to the Eldorado Neighborhood Second Homeowners Association's codes, covenants, and

restrictions (CC&Rs), which require the owners of property within this planned development to

pay certain assessments.[4]

The Nevada Legislature gave homeowners associations (HOAs) a superpriorty lien

against residential property for certain delinquent assessments and established in Chapter 116 of

the Nevada Revised Statutes a nonjudicial foreclosure procedure for HOAs to enforce that lien.[5]

When the owners of this home, Sean and Shawna Roberts, fell behind on their assessments, the

Eldorado HOA sold it to Saticoy Bay LLC Series 1838 Fighting Falcon in such a nonjudicial

foreclosure sale on July 11, 2014.[6]  The sale recorded nearly two weeks later.[7]

---

[1] I take judicial notice of this well-known fact, which no party disputes.

[2] ECF No. 84-2 at 5, ¶ 5(d).

[3] *Id.* at ¶ 5(c)-(i); ECF No. 84-3 at 1–5.

[4] ECF No. 84-1 at 12 (planned-unit-development rider).

[5] Nev. Rev. Stat. § 116.3116; *SFR Invs. Pool 1 v. U.S. Bank* ("*SFR I*"), 334 P.3d 408, 409 (Nev.
2014).

[6] ECF No. 84-3 at 9 (Notice of Default and Election to Sell); *id.* at 12 (Notice of Trustee's Sale).
I take judicial notice of all recorded documents in the record.

[7] *Id.* at 15.

As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS 116.3116(2) gives an HOA "a true superpriority lien, proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107 and 116 "will extinguish a first deed of trust."[8] But the Federal Foreclosure Bar in 12 U.S.C. § 4617(j)(3) creates an exception to that rule.[9] This safeguard is contained in the Housing and Economic Recovery Act (HERA, codified at 12 U.S.C. § 4511 et seq.), which went into effect in 2008, established the FHFA, and placed Freddie Mac under that agency's conservatorship.[10] Under HERA's Federal Foreclosure Bar, when Freddie Mac is the beneficiary of the deed of trust at the time of the foreclosure sale and Freddie Mac is under the conservatorship of the FHFA, the deed of trust is not extinguished and instead survives the sale unless the agency affirmatively relinquished that interest.[11]

Freddie Mac, Nationstar,[12] and the FHFA sue Saticoy Bay,[13] asserting two causes of action, one entitled "declaratory relief" and the other "quiet-title."[14] I find that these claims are duplicative, and I construe the complaint to assert a single quiet-title claim seeking a declaration

---

[8] *SFR I*, 334 P.3d at 419.

[9] *See Berezovsky v. Moniz*, 869 F.3d 923, 927 n.1 (9th Cir. 2017).

[10] *Berezovsky*, 869 F.3d at 925.

[11] *Id.* at 933; *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 417 P.3d 363, 368 (Nev. 2018) ("Because Fannie Mae was under the FHFA's conservatorship at the time of the homeowners' association foreclosure sale, the Federal Foreclosure Bar protected the deed of trust from extinguishment.").

[12] Both the Nevada Supreme Court and the Ninth Circuit have held that loan servicers also have standing to assert the Federal Foreclosure Bar. *See Nationstar Mortg., LLC v. SFR Invs. Pool 1, LLC*, 396 P.3d 754, 758 (Nev. 2017); *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 624 (9th Cir. Apr. 3, 2019).

[13] Although the original complaint contains claims against the HOA and the Robertses, too, those claims have been dismissed. ECF Nos. 64, 71.

[14] ECF No. 38.

that the foreclosure sale did not extinguish the deed of trust for various reasons including the Federal Foreclosure Bar. This claim is the type recognized by the Nevada Supreme Court in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*—an action "seek[ing] to quiet title by invoking the court's inherent equitable jurisdiction to settle title disputes."[15] The resolution of such a claim is part of "[t]he long-standing and broad inherent power of a court to sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances support" it.[16]

Saticoy Bay crossclaims against Nationstar, similarly asserting an equitable quiet-title claim.[17] It seeks a declaration that Saticoy Bay bought the property free and clear of the deed of trust.

Discovery has closed,[18] and plaintiffs move for summary judgment, arguing that the Federal Foreclosure Bar saved Freddie Mac's deed of trust on this property from extinguishment.[19] Saticoy Bay opposes that motion[20] and moves both to dismiss plaintiffs' claims[21] and for summary judgment in its own favor.[22] It argues primarily that Freddie Mac's interest is unenforceable because it was not recorded, that plaintiffs have not sufficiently proven

---

[15] *Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp*, 366 P.3d 1105, 1110–1111 (Nev. 2016).

[16] *Id*. at 1112.

[17] ECF No. 82.

[18] ECF No. 67.

[19] ECF No. 84.

[20] ECF No. 87.

[21] ECF No. 70.

[22] ECF No. 83.

that Freddie Mac owns the deed of trust and that Nationstar has a loan-servicing relationship with it, and that the statute of frauds bars plaintiffs' claim.[23]

## Discussion

### A.  Summary-judgment standard

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[24]  When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[25]  If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[26]  If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[27]  "To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."[28]

---

[23] Saticoy Bay thrice urges its arguments: in both of its motions and in its response to the plaintiffs' motion for summary judgment.  To streamline this order, when referencing Saticoy Bay's arguments, I cite only to their location in its response to plaintiffs' motion for summary judgment.  ECF No. 87.

[24] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed R. Civ. P. 56(c)).

[25] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[26] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[27] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[28] *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

**B.    The Federal Foreclosure Bar saved the deed of trust from extinguishment.**

In *Berezovsky v. Moniz*, the Ninth Circuit held that "the Federal Foreclosure Bar supersedes the Nevada superpriority lien provision,"[29] preventing a non-judicial foreclosure sale under NRS Chapter 116 from extinguishing a Freddie Mac deed of trust while this lender is under the FHFA's conservatorship.  The question here is whether plaintiffs have shown that a Freddie Mac interest in this property was protected from the legal effect of NRS 116.3116 by the Federal Foreclosure Bar.  The record supports that conclusion, leaving no genuine issue of material fact.

### 1.    *The record establishes that Freddie Mac owned the deed of trust at the time of the foreclosure sale.*

There is no dispute that Freddie Mac was under the FHFA's conservatorship at the time of the 2014 foreclosure sale.  But Saticoy Bay challenges whether plaintiffs have established that the deed of trust belonged to Freddie Mac at the time of the foreclosure sale and that Nationstar is the servicer.  Plaintiffs offer the affidavit of Freddie Mac's Director of Loss Mitigation, Dean Meyer, and corroborating documents to show that Freddie Mac had a valid and enforceable deed of trust on the property at the time of the sale—an interest that it purchased on or about May 25, 2007—and that Nationstar has been its loan servicer since March 2012.[30]  Those documents include printouts of computer records,[31] which Meyer explains in detail, and relevant portions of Freddie Mac's publicly available Servicer Guide.[32]

---

[29] *Berezovsky*, 869 F.3d at 931.

[30] *See* ECF No. 84-2.

[31] *Id.* at 9–20.

[32] *Id*. at 22–141.

I find that Meyer's declaration sufficiently establishes his familiarity with Freddie Mac's recordkeeping system and the authenticity of the printouts to lay the foundation required by Federal Rule of Evidence 902(11). And it establishes—with no contradictory evidence from Saticoy Bay—that the security interest on this property belonged to Freddie Mac at the time of the 2014 foreclosure sale, as it does today. Although the deed of trust is held in Nationstar's name,[33] Freddie Mac's documents (including the Guide) show that Nationstar is merely its agent for loan-servicing purposes and that the beneficial interest belongs to Freddie Mac.[34] The Nevada Supreme Court found a similar record sufficient to support summary judgment in favor of Freddie Mac based on the Federal Foreclosure Bar just last month in *Daisy Trust v. Wells Fargo Bank, N.A.*[35] And the Ninth Circuit reached the same conclusion on near-identical records in *Berezovsky* and *Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC.*[36]

Contrary to Saticoy Bay's suggestion, plaintiffs need not produce a copy of the actual loan-servicing agreement to garner summary judgment.[37] As the en banc Nevada Supreme Court

---

[33] ECF No. 84-3 at 5 (assignment from BAC Home Loans Servicing LP to Nationstar).

[34] *See also Berezovsky*, 869 F.3d at 932 (recognizing that "Nevada law thus recognizes that, in an agency relationship, a note owner remains a secured creditor with a property interest in the collateral even if the recorded deed of trust names only the owner's agent," and concluding that "[a]lthough the recorded deed of trust here omitted Freddie Mac's name, Freddie Mac's property interest is valid and enforceable under Nevada law").

[35] *Daisy Trust v. Wells Fargo Bank, N.A.*, 445 P.3d 846, 850–51 (Nev. July 25, 2019).

[36] *Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d 1136, 1150 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1618 (2019) ("The district court based its finding that an Enterprise had an interest in each Property on the fact that, in each case, a servicer acquired a beneficial interest in the respective Property's deed of trust, and serviced the respective mortgage loan on behalf of one of the Enterprises. Each acquisition of a Property's deed of trust by a servicer occurred on a date prior to the respective HOA foreclosure sale. The district court thus found that FHFA, which succeeded to the Enterprises' assets per HERA, held an interest in the Properties prior to the sales. Accordingly, the named beneficiary under the recorded deed of trust in each case is someone other than the note owner, one of the Enterprises.").

[37] ECF No. 87 at 12–15.

held in *Daisy Trust*, declarations confirming the servicer's status, "combined with authorizations in the Guide that are generally applicable to Freddie Mac's loan servicers . . . [a]re sufficient to show that" Nationstar is "in fact Freddie Mac's loan servicer with authority to assert the Federal Foreclosure Bar on Freddie Mac's behalf."[38] Plaintiffs satisfied their burdens of proof and production on this point with the computer records and Meyer's declaration explaining them.

Nationstar also has no obligation to show that it is acting based on "a power of attorney."[39] Saticoy Bay claims that the Guide requires a power of attorney before Nationstar can "execute documents on behalf of Freddie Mac."[40] Guide Section 8101.3, which Saticoy Bay relies on, requires the servicer to "comply with all local recording requirements," and NRS 162A.480(2), which Saticoy Bay further cites, requires a power of attorney be recorded only for the conveyance of real property.[41] Because Freddie Mac is not using Nationstar as its agent to convey any real property, the absence of a power of attorney is irrelevant.

### 2. *Freddie Mac's failure to record its interest is inconsequential here.*

Saticoy Bay's additional argument that, to assert the Federal Foreclosure Bar against it, the deed of trust had to have been recorded in Freddie Mac's name was also expressly rejected in *Daisy Trust*. Like Saticoy Bay, the foreclosure-sale purchaser in *Daisy Trust* argued "that Nevada's recording statutes required Freddie Mac to record its interest in the loan."[42] But the

---

[38] *Daisy Trust*, 445 P.3d at 850.

[39] ECF No. 87 at 11–12.

[40] *Id*. at 11.

[41] Nev. Rev. Stat. § 162A.480(2) ("Every power of attorney, or other instrument in writing, containing the power to convey any real property as agent or attorney for the owner thereof, or to execute, as agent or attorney for another, any conveyance whereby any real property is conveyed, or may be affected, must be recorded as other conveyances whereby real property is conveyed or affected are required to be recorded.").

[42] *Daisy Trust*, 445 P.3d at 849.

Court disagreed.  It reasoned that, although the recording statutes currently require deed-of-trust assignments to be recorded, the version in effect in 2007 when Freddie Mac acquired the Daisy Trust property one was permissive, not mandatory, as it stated only that such an assignment "may be recorded."[43]  Thus, the Court held, "Nevada's recording statutes did not require Freddie Mac to publicly record its ownership interest as a prerequisite for establishing that interest."[44]

Freddie Mac acquired its interest in this Fighting Falcon Lane property in 2007, the same year it acquired the interest in the home at issue in *Daisy Trust*, so Nevada's recording statutes did not require Freddie Mac to record that interest.  And although Saticoy Bay cites to the Nevada Supreme Court's decision in *In re Montierth*[45] to argue that Nevada law "requires recording of an interest to be notice to third parties,"[46] that case fails to support its proposition. As the en banc Court confirmed in *Daisy Trust*, "consistent with . . . *Montierth*, the deed of trust did not [even] have to be 'assigned' or 'conveyed' to Freddie Mac in order for Freddie Mac to own the secured loan . . . ."[47]  The lender's loan servicer "can serve as the record deed of trust beneficiary on behalf of a lender and a lender's successors such as . . . Freddie Mac in this case," as long as that record servicer "was at all times in an agency relationship with the note holder. . . ."[48]  And here, the record shows without genuine dispute that Nationstar was in such a relationship with note-holder Freddie Mac.  Because Nevada law recognizes that it is an acceptable practice for a loan servicer to serve as the beneficiary of record for the actual deed-of-

---

[43] *Id.*

[44] *Id.*

[45] *In re Montierth*, 354 P.3d 648 (Nev. 2015).

[46] ECF No. 87 at 13.

[47] *Daisy Trust* at 849 (citing *Montierth*, 354 P.3d at 650–51, and *Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 259–60 (Nev. 2012)).

[48] *Id.*

trust beneficiary, Freddie Mac's interest in the deed is not rendered unenforceable by the fact that its name does not appear in the official record.[49]

Saticoy Bay also contends that, by keeping Nationstar as the deed-of-trust beneficiary of record, Freddie Mac has misled the general public, and NRS 47.240(2) conclusively presumes "the truth" of that recorded fact that Nationstar—not Freddie Mac—is the beneficial owner.[50] Thus, Saticoy Bay reasons, Freddie Mac is bound by that truth. But Saticoy Bay overstates the application of this statutory presumption. It applies only in a dispute "as between the parties" to a written document.[51] Because Saticoy Bay is not a party to the assignment of the deed of trust from BAC Home Loans to Nationstar, it cannot invoke this presumption.

Nor can Saticoy Bay invoke the statute of frauds to preclude plaintiffs from enforcing Freddie Mac's interest.[52] "The defense of the statute of frauds is personal, and available only to the contracting parties or their successors in interest."[53] Saticoy Bay, "as a stranger to" the transfer of the loan and deed of trust, "is without standing" to invoke that defense.[54]

### 3. *There is no evidence that the FHFA consented to extinguish the deed of trust.*

There is also no legitimate dispute that the FHFA did not consent to wiping out Freddie Mac's deed of trust through this foreclosure. The FHFA issued a statement dated April 21, 2015, "confirm[ing] that it has not consented, and will not consent in the future, to the foreclosure or

---

[49] *See also Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC*, 893 F.3d at 1150 ("HERA does not require the Enterprises to have recorded their ownership of the liens in local recording documents for FHFA to have succeeded to those valid interests upon inception of conservatorship.").

[50] ECF No. 87 at 10.

[51] *Flangas v. State*, 760 P.2d 112, 113 (Nev. 1988).

[52] ECF No. 87 at 7.

[53] *Harmon v. Tanner Motor Tours of Nev., Ltd.*, 377 P.2d 622, 628 (Nev. 1963).

[54] *Id.*

other extinguishment of any Fannie Mae or Freddie Mac lien or other property interest in connection with HOA foreclosures of super-priority liens."[55]  Saticoy Bay offers no evidence to suggest that the agency did consent.  Instead, it argues that I "should imply Freddie Mac's consent to the" foreclosure because its failure to record its ownership of the deed of trust "prevented" Saticoy Bay "from knowing that Freddie Mac's consent was required."[56]  But Freddie Mac and the Agency need not take any action to ensure that the Federal Foreclosure Bar preserves a Freddie Mac deed of trust.  As the Ninth Circuit stated in *Federal Home Loan Mortgage Corporation v. SFR Investments Pool 1, LLC*, "the bar on foreclosure sales lacking [the] FHFA's consents applies by default."[57]  Based on this feature of the Federal Foreclosure Bar, the Nevada Supreme Court has expressly rejected the notion that inaction can be construed as consent.[58]  I decline Saticoy Bay's invitation to hold otherwise.

The remainder of Saticoy Bay's arguments against the application of the Federal Foreclosure Bar require me to ignore or misconstrue the holding of *Berezovsky*, which I decline to do.  I conclude that *Berezovsky* provides the applicable legal principles for plaintiffs' Federal Foreclosure Bar theory, that I am bound by those principles, and that plaintiffs have shown through evidence not subject to genuine dispute that they are entitled to summary judgment on their quiet-title claim based on this theory.  So, I grant summary judgment in favor of plaintiffs on their Federal Foreclosure Bar claim and declare that 12 U.S.C. § 4617(j)(3) prevented the 2014 foreclosure sale from extinguishing Freddie Mac's deed of trust.  And because I am

---

[55] ECF No. 84-3 at 19; https://www.fhfa.gov/Media/PublicAffairs/Pages/Statement-on-HOA-Super-Priority-Lien-Foreclosures.aspx, last visited 8/28/19.

[56] ECF No. 87 at 16.

[57] *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d at 1149.

[58] *See, e.g.*, *Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 417 P.3d 363, 368 (Nev. 2018).

granting complete relief on this theory, I need not and do not reach the merits of, or arguments

challenging, any of the plaintiffs' other quiet-title theories.

### Conclusion

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Summary Judgment **[ECF No. 84] is GRANTED** and Saticoy Bay's motion to dismiss and for summary judgment **[ECF Nos. 70, 83] are DENIED. Summary judgment is entered in favor of the plaintiffs on their claim and on Defendant Saticoy Bay's counterclaim.** Because 12 U.S.C. § 4617(j)(3) prevented the extinguishment of the deed of trust during the 2014 HOA foreclosure sale, plaintiffs are entitled to a declaration that Saticoy Bay LLC Series 1838 Fighting Falcon took the property subject to that interest.

And with good cause appearing and no reason to delay, IT IS FURTHER ORDERED that the Clerk of Court is directed to ENTER FINAL JUDGMENT in favor of plaintiffs Nationstar Mortgage, LLC, Federal Home Loan Mortgage Corporation, and Federal Housing Finance Agency **DECLARING that:**

> the deed of trust for the property located at 1838 Fighting Falcon Lane, North Las Vegas, Nevada 89031, recorded as Instrument # 20070423-0000716 in the real property records of Clark County, Nevada, on 4/23/07, was not extinguished by the 7/11/14 foreclosure sale, so foreclosure-sale purchaser Saticoy Bay LLC Series 1838 Fighting Falcon took the property subject to the deed of trust,

and CLOSE THIS CASE.

Dated: August 29, 2019

_____
U.S. District Judge Jennifer A. Dorsey